UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CIVIL NO. 1:21-cv-1812**

**ROKE VELASCO, On Behalf of Himself
and All Others Similarly Situated,**

**Plaintiff,**

**V.**

**JASON'S PREMIER PUMPING
SERVICE, LLC,**

**Defendant.**

---

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

---

1. Defendant Jason's Premier Pumping Service, LLC ("Defendant") required Plaintiff Roke Velasco ("Plaintiff") to work more than forty (40) hours in a workweek but refused to pay him at the rate of time and one half their regular rates of pay for all hours they worked in excess of 40 hours in a workweek. That is because Defendant misclassified Plaintiff as an independent contractor instead of as an employee.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all others similarly situated,

1

Plaintiff bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collection are referred to hereinafter as the "FLSA Class Members."

3. Plaintiff worked for Defendant in Colorado. Just as Defendant's misclassification violates the FLSA, so too does that misclassification violate the state laws of Colorado. As such, Plaintiff also bring claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") as a Rule 23 Class Action.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely the failure of Defendant to pay overtime because it misclassified its employees as independent contractors.

6. Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District. Specifically, Plaintiff worked in Colorado for Defendant and Defendant denied Plaintiff overtime wages in Colorado.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Roke Velasco is an individual residing in Eagle, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in Colorado within the last three years.

8. The FLSA Class Members are all current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

9. The Colorado Class Members are all current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors in Colorado by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. The FLSA Class Members and the Colorado Class Members shall be collectively referred to as the "Class Members."

10. Defendant Jason's Premier Pumping Service, LLC is a Colorado limited liability company. Defendant may be served process through its registered agent Jason M. Hauck at PO Box 1769, Rifle, CO 81650.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(6) and the applicable Colorado Minimum Wage Orders.

13. Defendant is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Colorado Class Members.

14. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

3

15. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

17. At all material times, Plaintiff and the FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

18. At all material times, Plaintiff and the Colorado Class Members were employees of Defendant with the meaning of CO. REV. STAT. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## FACTS

19. Defendant is an oil and gas company that provides services to oil wells in Colorado. Plaintiff worked for Defendant as a "lease operator." Plaintiff Velasco worked for Defendant from May 2014 to July 2020.

20. Plaintiff was hired by Defendant in May 2014. He was originally paid an hourly rate of $35 per hour which increased to $37.50 per hour. Plaintiff was required to work at least 10 hours per day for Defendant. There were weeks when Plaintiff worked without a day off. For instance, Plaintiff worked 10 days straight from January 21, 2020 to January 30, 2020. Likewise, Plaintiff worked 10 days straight from February 4, 2020 to February 13, 2020. During these

weeks he worked more than 40 hours per week.  In fact, he worked approximately 70 hours in a week.

21. Plaintiff's primary duty was to maintain oil wells for Defendant.  To do this work Plaintiff was required to perform various manual labor tasks to replace, repair, and maintain oil and gas wells.  He used hand tools, such as pipe wrenches, hammers, and chains to do his work.  His job involved driving to various oil wells to monitor operations to ensure that the wells were flowing.

22. As noted above, Plaintiff typically worked more than 40 hours per week.  Plaintiff worked a schedule that was 10 days on and four days off with 10 hours of work or more each day.

23. Again, for compensation, Plaintiff Velasco was paid on an hourly rate basis.  However, when they worked more than 40 hours per week, he was not paid any additional wags for overtime.

24. That is because Plaintiff was misclassified by Defendant as an independent contract instead of as an employee.  Defendant was the employer of Plaintiff because Defendant hired Plaintiff and Defendant had firing authority.  Additionally, Defendant maintained Plaintiff's pay records, time records, and personnel records.  Further, Defendant had control over Plaintiff's work assignments and his job duties.  Specifically, Defendant supervised Plaintiff, told him where and when to work, and controlled Plaintiff's work conditions.  Further, Defendant determined Plaintiff's hourly rate and the method to pay Plaintiff.

25. No overtime exemption under the FLSA or Colorado law applies to Plaintiff.

26. No overtime exemption under the FLSA or Colorado law applies to the Class Members.

27. Defendant employs other lease operators as independent contractors.

28. Defendant paid Plaintiff and the Class Members in the same manner.

29. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendant paid the Plaintiff and Class Members a non-negotiable hourly rate or day rate, as is common with employees;

   b. Defendant supervised and directed the work of the Plaintiff and Class Members;

   c. Defendant required Plaintiff and the Class Members to turn in the hours or days they worked on a weekly or biweekly basis;

   d. Plaintiff and the Class Members had no control over what well they may be assigned to;

   e. Defendant required Plaintiff and the Class Members to request time off in advance and have that time off preapproved;

   f. Plaintiff and the Class Members faced termination if they failed to follow the instructions of Defendant;

   g. Defendant assigned Plaintiff and the Class Members so many work hours per week that, as a practical matter, they were prevented from working for any other company;

   h. Defendant provided safety training to Plaintiff and the Class Members;

    i. Defendant provided to Plaintiff and the Class Members the job/work assignments;

    j. Plaintiff and the Class Members worked for Defendant for long periods of time, often years, as is common with employees; and

    k. Defendant maintained the right to discharge Plaintiff and the Class Members at will.

30. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Defendant made significant investments towards equipment, office space, and staff, amongst others.

31. Moreover, Defendant tracked the time and days the Plaintiff and Class Members worked just as is common for typical employer-employee relationships.

32. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not employees.

33. Although Plaintiff has been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

34. Instead, Plaintiff was paid an hourly rate without any additional wages for overtime.

35. Defendant misclassified the Plaintiff and Class Members as independent contractors to avoid the obligation to pay overtime wages, in addition to health insurance and other benefits that the Plaintiff and Class Members were entitled to receive.

36. In fact, in 2015, Defendant was previously sued for misclassifying its workforce as independent contractors. In the case of *Dempsey v. Jason's Premier Pumping Services, LLC*, No. Civ. A. 1:15-CV-0703, Defendant was sued for the same violations of the law alleged by Plaintiff. In the *Dempsey* lawsuit, Defendant was put on notice that its pay practices violated the FLSA and Colorado law. Yet, to this day, Defendant has refused to follow the law.

37. Accordingly, Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. For these reasons, Plaintiff seeks all unpaid overtime wages and liquidated damages.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

40. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

42. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

43. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

44. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

45. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

46. Defendant has classified and continues to classify the FLSA Class Members as independent contractors.

47. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

48. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

49. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

50. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

51. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

52. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

53. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

54. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

55. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> All current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## COUNT TWO: VIOLATION OF COLORADO WAGE CLAIM ACT
## (CLASS ACTION)

56. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

57. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Colorado Class Members, within the meaning the CWCA.

58. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101,

*et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

59. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and on behalf of the Colorado Class Members, hereby demands payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Class Members for all unpaid overtime wages.

## RULE 23 CLASS ACTION ALLEGATIONS

60. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

61. Plaintiff brings his overtime claims arising under the CWCA as a Rule 23 class action on behalf of the following classes:

> All current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors in Colorado by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

62. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believe the members of the class are so numerous that their individual joinder is impractical.

63. The identity of the members of the class is readily discernible from Defendant's records.

64. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

11

65. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

 a. Whether Plaintiff and the Colorado Class Members worked hours in excess of forty per work week;

 b. Whether Plaintiff and the Colorado Class Members worked in excess of 12 hours per day or 12 consecutive hours in any period;

 c. Whether Plaintiff and the Colorado Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law;

 d. Whether Defendants failed to properly classify Plaintiff and the Colorado Class Members as non-exempt employees under Colorado law.

66. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

67. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendant classified him as an independent contractor just like the Colorado Class Members.

68. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

69. The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Colorado Class

Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

70.     The operative question in this case is whether the workers in question were employees or independent contractors. Evidence common to all class members will be determinative.

## PRAYER

71.     For these reasons, Plaintiff pray for:

   a. An order designating the FLSA Class as a collective action;

   b. An order certifying this case as a class action under Rule 23 for the Colorado state law claims;

   c. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty
    dfoty@hftrialfirm.com
    Texas State Bar No. 24050022
    Admitted before U.S. District Court of Colorado
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS